# JS-6

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## SOUTHERN DIVISION

|  |  |
|---|---|
| | )  Case No.: SACV 17-00128-CJC(DFMx) |
| | ) |
| THIEN TRAN, | ) |
| | ) |
| Plaintiff, | )  ORDER REMANDING CASE |
| v. | ) |
| | ) |
| ANTHONY NGUYEN | ) |
| | ) |
| Defendant. | ) |
| | ) |

Before the Court is Plaintiff's motion to remand this case to Orange County Superior Court.  (Dkt. 5.)  For the following reasons, his motion is GRANTED.[1]

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for March 13, 2017, at 1:30 p.m. is hereby vacated and off calendar.

-1-

Pursuant to 28 U.S.C. § 1446(b)(1), *defendants* may remove cases from state court to federal court within thirty days of service of the pleadings.  In this case, Defendant purports to remove all or parts of three state court cases pending in Orange County Superior Court: No. 30-2014-00722873, No. 30-2014-00722268, and No. 30-2014-00239544.  Defendant is unequivocally the *plaintiff* in two of those cases, No. 30-2014-00722268 and No. 30-2014-00239544.  (*See* Dkt. 1 Exs. 2, 3.)  The remaining case, No. 30-2014-00722873, was filed on May 15, 2014.  (*Id.* Ex. 1.)  Needless to say, more than thirty days have elapsed and accordingly removal is improper; Defendant received service shortly after the case was filed.  (*See* Dkt. 5 Ex. 4 (consolidating cases No. 30-2014-00722873 and No. 30-2014-00722268 and indicating Defendant's active participation); *see also id.* Ex. 3 (state court register of proceedings in No. 30-2014-00239544).)  Accordingly, Plaintiff's motion to remand is GRANTED.[2]

According to Plaintiff, Defendant first attempted to remove this case to federal court on December 19, 2016, to stave off a judgment debtor exam that was set for December 29, 2016.  (Dkt. 5 at 9.)  Defendant appeared *ex parte* in state court on December 21, 2016, arguing that the action was stayed given removal; the state court stayed the action.  (*Id.*)  However, on January 3, 2017, at an *ex parte* hearing, the state court determined that the action had not been removed and reset the debtor's exam for January 26, 2017.  (*Id.* at 10.)  Defendant actually filed a notice of removal with the federal court on January 5, 2017.  (*Id.*)  That case, SACV 17-00015 AG(JCGx), was remanded by Judge Guilford on January 18, 2017, for substantially the same reasons as stated herein.  (*See* SACV 17-00015 AG(JCGx) Dkt. 11; *see also id.* Dkt. 7 (Plaintiff's motion for remand).)  To once again stave off his debtor's exam, Defendant filed another notice of removal on January 25, 2017.  (*See* SACV 17-00128 CJC(DFMx) Dkt. 1.)  Because Defendant appears to be repeatedly abusing removal procedures to inhibit state

---

[2] Defendant's two pending *ex parte* motions, (Dkts. 12, 13), are DENIED AS MOOT.

courts from effectuating their judgments, the Court warns Defendant that should he file another frivolous notice of removal in his various state court proceedings, the Court will consider imposing sanctions pursuant to Federal Rule of Civil Procedure 11.  *See* Fed. R. Civ. P. 11(b) ("By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ."); *id.* 11(c)(4) ("A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.  The sanction may include nonmonetary directives [and] an order to pay a penalty into court.").


DATED:     February 17, 2017

_____
CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE